UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                        Case No.: 2:20-cr-104-JLB-NPM

MONTONIO MOORE,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Montonio Moore's Motion for Compassionate Release (the "Motion") (Doc. 74). The Government has filed a Response in Opposition (Doc. 76). In the Motion, Mr. Moore seeks a reduction in his sentence to time served under 18 U.S.C. § 3582(c)(1)(A) due to his medical conditions. Having reviewed the Motion and the entire record before the Court, the Court concludes that Mr. Moore's Motion for Compassionate Release is due to be denied.

## BACKGROUND

On April 27, 2021, Mr. Moore was sentenced to 120 months' imprisonment upon his guilty plea to distribution of 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 53 at 1; Doc. 69 at 2–7).

Mr. Moore requests a reduction of his sentence because he has several medical conditions that are "causing him to struggle to care for himself." (Doc. 74 at

1

6).  Mr. Moore claims that on September 11, 2015, he was shot multiple times, causing him to lose one kidney, his left eye, and half of his liver.  (*Id.*)  He indicates that he was wearing a colostomy bag, but once the bag was removed, he was experiencing severe diarrhea.  (*Id.*)  Mr. Moore admits that all of these medical conditions were present when he was sentenced, but "in the free world, he was able to eat the right foods, get the correct therapy, and he was monitored regularly and often."  (*Id.*)

Now, Mr. Moore claims that his health is deteriorating daily because he needs a special diet to address his liver and kidney issues that he is unable to receive in prison.  (*Id.*)  Mr. Moore states that although he has an institutional job in UNICOR, which allows him to earn money to purchase food from the commissary, he claims that eating the food from the commissary has caused him to experience weight loss, with his weight dropping from 217 pounds to 184 pounds.  (*Id.* at 7).  Mr. Moore also states that he has completed several self-help courses including Walk with Ease, Non-Residential Drug Program, Yoga, and a class in Beginning Guitar.  (*Id.* at 8).  He states that he is not a member of a gang, has not engaged in any violent conduct, and has had "clear institutional conduct."  (*Id.*)

Mr. Moore requests that the Court reduce his 120-month sentence by 66 months.  (*Id.*)  The Government opposes the request, arguing that Mr. Moore's "prison medical records paint a picture of an inmate with gastrointestinal health needs that are being adequately managed by the BOP, inside and outside his facility."  (Doc. 76 at 6).  The Government notes that, according to records obtained

2

from BOP, in October 2022, Mr. Moore was examined by a registered dietitian regarding his concerns about his chronic diarrhea. (Doc. 76 at 6; Doc. 76-1 at 1). The registered dietitian stated that Mr. Moore's nutrition was within normal limits, that his weight decreased from intake but was still within a healthy range, that he was receptive to diet counseling, that he denied weight loss, and that he was counseled to self-avoid high lactose items. (Doc. 76-1 at 1). The registered dietitian also counseled him to continue medication for 30 days "and then we will evaluate if it was effective." (*Id.*) She recommended a follow-up in one month to evaluate for improvement and, if not, to consider a follow-up with a GI doctor. (*Id.* at 2).

The Government insists that Mr. Moore's motion and medical records "show a 42-year-old man with continuing health issues that arose prior to the commission of his crime and his prison sentence." (Doc. 76 at 7). And the Government points out that his conditions appear to be manageable by his BOP facility and that his activities within the prison (yoga, guitar class, and an institutional job) "indicate that he can care for himself adequately." (*Id.*) In short, the Government's position is that "[w]hile it may be true that Moore suffers from conditions more severe than the typical federal prisoner, he has not shown them to be terminal or otherwise extraordinary and compelling such that his release is justified." (*Id.*)

## LEGAL STANDARD

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. U.S.*, 560 U.S. 817, 824 (2010)

(internal quotation marks omitted). Such limited circumstances are enumerated in 18 U.S.C. § 3582(c), which states, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case –
>
> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

## DISCUSSION

First, the Court finds that Mr. Moore has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). The parties agree that Mr. Moore sought a reduction in sentence from the warden of his BOP facility on December 12, 2022, and that he filed his Motion on March 23, 2023, more than 30 days after his request was received. (Doc. 74 at 4; Doc. 74-1 at 1–2; Doc. 76 at 5). The Government notes that Mr. Moore's application was denied by the Warden in April 2023. (Doc. 76 at 5). Furthermore, more than thirty days elapsed between when

Mr. Moore's application for compassionate release was filed with the Warden and when his Motion came before the Court. Accordingly, Mr. Moore has met the exhaustion requirements and his motion is thus ripe for the Court's review. *See* 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) authorizes a court to reduce a sentence for extraordinary and compelling reasons only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Commission published a definition of "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13. There, the Commission indicated that the medical condition of a defendant may be an extraordinary and compelling reason if either (i) "[t]he defendant is suffering from a terminal illness" such as metastatic solid-tumor cancer or amyotrophic lateral sclerosis" or

> (ii) The defendant is
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. N.1(A)(ii). This list of reasons "define[s] the universe of extraordinary and compelling reasons that can justify a sentence reduction." *U.S. v.*

*Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). "A compassionate release due to a medical condition is an extraordinary and rare event." *U.S. v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (citation omitted).

Here, Mr. Moore does not claim that he is suffering from a terminal illness. And while Mr. Moore asserts that his medical conditions diminish his ability to care for himself in prison, none of the medical records or statements provided by the Government or by Mr. Moore himself, show that his ability to care for himself is "substantially diminished" or that he is not expected to recover. Mr. Moore was given instructions on how to care for his conditions within the prison system. (*See* Doc. 76-1 [registered dietitian's report indicating that Mr. Moore was directed to continue medication and recommending a follow-up to evaluate if it was effective, and that he was counseled to "self avoid high lactose items on meal trays"]). Mr. Moore can maintain employment within the prison system (*see* Doc. 74 at 7), and he is able to participate in activities such as yoga and guitar (*see* Doc. 74 at 8). While the Court is sympathetic towards Mr. Moore and his medical conditions, he simply has not met his burden of demonstrating that his medical conditions constitute an extraordinary and compelling reason for compassionate release.[1] *See, e.g. U.S. v. Barberree*, No. 8:09-cr-266-VMC-AEP, 2021 WL 616049, at *2 (M.D. Fla. Feb. 17,

---

[1] Because the Court has determined that Mr. Moore is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *See U.S. v. Giles*, No. 8:19-cr-373-CEH-CPT, 2022 WL 17067595, at *3 n.3 (M.D. Fla. Nov. 17, 2022) ("Because the Court has determined that [defendant] is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a).").

2021) ("Barberree's medical conditions, including hypertension, gastrointentional issues, and hearing problems, do not merit compassionate release because Barberree has not established that these conditions 'substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility.'").

## CONCLUSION

For the reasons set forth above, Mr. Moore's Motion for Compassionate Release (Doc. 74) is **DENIED without prejudice.**

**ORDERED** at Fort Myers, Florida on August 9, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE